IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS

APRIL OVERBY                                                                      PLAINTIFF

vs.                     Case No. CV11-238-2

L.A. GEAR, INC.                                                                   DEFENDANT

### CLASS ACTION COMPLAINT

Comes now Plaintiff April Overby ("Plaintiff"), Individually and on behalf of a Class of Similarly Situated Individuals, and for her complaint against Defendant L.A. Gear, Inc. ("LA Gear" or "Defendant") states the following:

#### Parties, Jurisdiction and Venue

1. Plaintiff is a resident of Washington County, Arkansas. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this jurisdiction.

2. Defendant LA Gear is an athletic products company. LA Gear is a California corporation with its principal place of business in California. LA Gear can be served through its registered agent for service of process, Steven Jackson, 844 Moraga Dr., Los Angeles, CA 90049-1632.

3. This Court has subject matter jurisdiction over this claim because the amount in controversy exceeds the minimum jurisdictional limits of the Court. Defendant is not an Arkansas citizen for purposes of federal court diversity analysis. However, neither Plaintiff's nor any individual Class Member's claim is equal to or greater than seventy-five thousand dollars ($75,000), inclusive of costs and attorneys fees. Moreover, the total damages of the Plaintiff and Class, inclusive of costs and attorneys' fees, do not exceed

1



EXHIBIT 1

five million dollars ($5,000,000), and the Plaintiff and Class stipulate that they will not seek to recover an amount in excess of that amount. As such, there is neither diversity nor Class Action Fairness Act jurisdiction for this claim in federal court. Pursuant to Arkansas Rule of Civil Procedure 8(a), this pleading demands unliquidated damages. Accordingly, it is intended, and shall by rule be interpreted, to limit recovery to an amount less than that required for diversity jurisdiction in federal court.

4. This Court has personal jurisdiction over LA Gear pursuant to Arkansas Code Annotated § 16-4-101 as LA Gear has had more than minimum contact with the State of Arkansas and has availed itself of the privilege of conducting business in this state. In addition, as explained below, LA Gear has committed affirmative acts within the State of Arkansas that give rise to civil liability.

5. Venue is proper in this forum pursuant to Arkansas Code Annotated § 16-55-213(a) and § 5-41-105 because a substantial part of the events or omissions giving rise to Plaintiff'ss' claims occurred in this county.

**Factual Background**

6. "Toning shoes" are among the latest in the seemingly never-ending series of fitness products promising better results from exercise with less, little, or no effort.

7. Although each brand and model of toning shoe varies in its details, each is premised on the idea that instability on the bottom of a shoe allows a consumer wearing the shoe to achieve greater muscle definition and toning than does walking in traditional athletic shoes.

8. Like most exercise hoaxes that promise better fitness with little or no effort, however, the promise that toning shoes lead to a better body than traditional athletic shoes is simply

2

not true. Indeed, the evidence has proven that toning shoes do not increase muscle activation, burn more calories, increase muscle definition, or otherwise enhance their wearers' fitness or appearance beyond what traditional athletic shoes can and do.

9. In 2010, the American Council on Exercise funded a study (the "University Study") of toning shoes. The University Study was conducted by a team of exercise experts and doctorates from the Exercise and Health Program at the University of Wisconsin, La Crosse. The report on the University Study is entitled: "Will Toning Shoes Really Give You a Better Body?" The report can be found at:

http://www.acefitness.org/certifiednewsarticle/720/will-toning-shoes-really-give-you-a-better-body

10. The answer was a resounding "No." The University Study found that "across the board, none of the toning shoes showed statistically significant increases in either exercise response or muscle activation…there is simply no evidence to support the claims that these [toning] shoes will help wearers exercise more intensely, burn more calories, or improve muscle strength and tone."

11. The University Study continued: "We tested RPE, which is basically how hard one is working, and oxygen consumption, how much oxygen you take in versus being at rest, and caloric expenditure and we found no significant difference between any of the shoes…so the toning shoes definitely don't do more than the regular shoe." "As for the muscle-activity testing, the results were strikingly similar: There was no significant difference in [muscle activity] levels in any of the muscles tested between the four types of shoes."

12. In conclusion, the University Study recommended that consumers "[d]on't buy these

shoes because of the claims that you're going to tone your butt more or burn more calories. That's absolutely wrong." "When you think about it, it's kind of the same old song and dance…People will still fall prey in their search for the quick-and-easy fitness solution. These shoes are just another attempt to find that magic bullet."

13. Armed with the knowledge that consumers are always looking for and are susceptible to falling for the magic bullet, Defendant has engaged in a marketing campaign designed to mislead consumers into believing that toning shoes will help them get into shape simply by walking in these magic shoes.

14. LA Gear's website, for example, represents that LA Gear Walk N Tones are a "A Workout In Every Step." Just "Step. Tone. Tighten. Repeat." The website further claims that walking in Walk N Tone shoes "helps you look and feel great by activating key muscles every step of the way."

15. The website continues by asking "What muscles do Walk N Tones by LA Gear help to tone?" and representing the following:

    - "Walking in Walk N Tones primarily activates the muscles of the legs and buttocks. You may notice that after a long day in your Walk N Tones, that your calves, thighs, or glutes are a little bit sore…a clear sign that your muscles are working harder than normal."

    - "Walk N Tones are designed to activate the muscles of your legs more than walking in regular shoes…the more you walk in them, the greater the potential benefit."

16. The claims made about toning shoes are so misleading, in fact, that the United Kingdom has banned certain ads about them. A physician at the Mayo Clinic has also condemned toning shoes, finding that "there is no convincing evidence that wearing toning shoes will make your legs more toned or cause you to burn extra calories."

4

http://www.mayoclinic.com/health/toning-shoes/AN02122

## Miscellaneous

17. The facts complained of herein occurred within the 5 years preceding the filing of this lawsuit.

18. Any condition precedent to the institution of this lawsuit has been performed, has occurred, or has been waived. Specifically, Plaintiff and the Class Members have notified LA Gear in writing that it has breached its express warranties and its implied warranties of fitness for a particular purpose and of merchantability.

## Class Action Allegations

19. Pursuant to Arkansas Rule of Civil Procedure 23, Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, and the Rule 23(b) requirement of predominance, and superiority.

20. The proposed Class which Plaintiff seeks to represent in this action is defined as follows:

> All Arkansas residents who purchased LA Gear Walk N Tone shoes in the 5 years preceding the date of filing of this Complaint. Excluded from the Class definition are: (1) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (2) any entity in which Defendant LA Gear has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (3) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (4) any Judge in the lawsuit and/or persons within the third degree of consanguinity to such judge.

21. Upon information and belief, the Class is compromised of over one thousand persons located in the State of Arkansas. It is therefore impractical to bring all members of the Class before the Court individually.

22. There exist questions of law and fact common to all members of the Class. These common questions of law and fact predominate over any individual questions affecting Class Members. Common legal and factual questions include, but are not limited to, the following:

   a. Whether Defendant's advertisements regarding its toning shoes are false and misleading;

   b. Whether Defendant breached its express warranties regarding its toning shoes;

   c. Whether Defendant's toning shoes are merchantable;

   d. Whether Defendant's toning shoes are fit for their particular purpose;

   e. Whether Defendant has violated the Arkansas Deceptive Trade Practices Act;

   f. Whether Plaintiff and the Class Members are entitled to compensatory damages, and the amount of such damages; and

   g. Whether Plaintiff and the Class Members are entitled to other relief, and the scope and nature of such relief.

23. The claims of the representative Plaintiff are typical of the claims of the Class in that:

   a. Plaintiff and the Class Members all purchased Defendant's toning shoes;

   b. Plaintiff, like all Class Members, have been damaged by Defendant's unlawful misconduct; and

   c. The factual bases and cause of action for the claims Plaintiff asserts are common to all Class Members and represent a common thread of misconduct resulting in injury to all Class Members.

24. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests which conflict with the Class, and have retained attorneys who are experienced in the prosecution of complex consumer class action litigation.

25. A class action is superior to all other available methods for the fair and efficient

adjudication of this controversy since joining all members in impracticable, and this action will be manageable as a class action. There will be no difficulty in the management of this class action.

26. Prosecuting individual actions would unduly increase the cost of litigation and cause delay, not only to Plaintiff and Class Members, but also to Defendant and the Court.

27. In contrast, a class action will avoid case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Plaintiff and Class Member. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

28. Class treatment of the claims asserted by Plaintiff is superior to other methods of adjudicating the claims of the Class in that:

   a. The prosecution of separate actions by individual members of the class would create a foreseeable risk of inconsistent or varying adjudications which would establish incompatible results and standards of conduct for Defendant;

   b. Adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the separate adjudications or would substantially impair or impede their ability to protect their own interests; and

   c. Class action treatment avoids the waste and duplication inherent in numerous individual actions and conserves the resources of the Courts.

### Count I – Breach of Express Warranty

29. Plaintiff incorporates paragraphs 1-28 as if fully set out herein.

30. Defendant expressly warranted, represented, and affirmed the following to Plaintiff and the Class Members regarding LA Gear's Walk N Tone shoes:

7

- "helps you look and feel great by activating key muscles every step of the way;"

- "walking in Walk N Tones primarily activates the muscles of the legs and buttocks. You may notice that after a long day in your Walk N Tones, that your calves, thighs, or glutes are a little bit sore...a clear sign that your muscles are working harder than normal;" and

- "Walk N Tones are designed to activate the muscles of your legs more than walking in regular shoes...the more you walk in them, the greater the potential benefit."

31. These affirmations relate to the shoes purchased from LA Gear and formed part of the basis of the bargain between LA Gear and Plaintiff and the Class Members because they influenced Plaintiff's and the Class Members' purchase of the toning shoes.

32. As proven by the University Study, LA Gear's toning shoes do not conform to these affirmations, promises, and representations.

33. Accordingly, LA Gear breached its express warranties and Plaintiff and the Class Members were damaged. In addition, the damages caused by LA Gear are the result of an advertising injury committed by LA Gear in the state of Arkansas.

### Count II - Breach of Implied Warranty of Fitness for Particular Purpose

34. Plaintiff incorporates paragraphs 1-33 as if fully set out herein.

35. At the time Plaintiff and the Class Members purchased Walk N Tone shoes, Defendant had reason to know that Plaintiff and the Class Members were purchasing them for the particular purpose of enhanced muscle toning and activation and increased caloric burn, and had reason to know that Plaintiff and the Class Members were persons whom Defendant would reasonably have expected to use the shoes.

36. Defendant knew that Plaintiff and the Class Members were relying on Defendant's skill or judgment to furnish shoes that would meet these purposes.

37. Walk N Tone shoes are not fit for the purposes of enhanced muscle toning and activation and increased caloric burn.

38. The unfitness of the Walk N Tone shoes was a proximate cause of damages to Plaintiff and the Class Members. In addition, the damages caused by LA Gear are the result of an advertising injury committed by LA Gear in the state of Arkansas.

### Count III – Breach of Implied Warranty of Merchantability

39. Plaintiff incorporates paragraphs 1-38 as if fully set out herein.

40. Defendant sold Plaintiff and the Class Members Walk N Tone shoes that were not merchantable because they do not fit the ordinary purpose of enhanced muscle toning and activation and increased caloric burn for which such toning shoes are used.

41. Plaintiff and the Class Members were persons whom LA Gear might reasonably expect to use or be affected by Walk N Tone shoes.

42. The unmerchantable condition of the shoes was a proximate cause of damages to Plaintiff and the Class Members. In addition, the damages caused by LA Gear are the result of an advertising injury committed by LA Gear in the state of Arkansas.

### Count IV – Violation of Arkansas Deceptive Trade Practices Act

43. Plaintiff incorporates paragraphs 1-42 as if fully set out herein.

44. Defendant violated Ark. Code Ann. §§ 4-88-107(a)(1) by knowingly making false representations as to the characteristics, uses, and benefits of its Walk N Tone shoes, including that:

   - "helps you look and feel great by activating key muscles every step of the way;"
   - "walking in Walk N Tones primarily activates the muscles of the legs and buttocks. You may notice that after a long day in your Walk N Tones, that your calves, thighs,

    or glutes are a little bit sore…a clear sign that your muscles are working harder than normal;" and
- "Walk N Tones are designed to activate the muscles of your legs more than walking in regular shoes…the more you walk in them, the greater the potential benefit."

45. Defendant further violated Ark. Code Ann. §§ 4-88-107(a)(10) by engaging in the unconscionable, false, and deceptive acts or practices as set out herein in business, commerce, and trade, including by falsely representing that:

- "helps you look and feel great by activating key muscles every step of the way;"

- "walking in Walk N Tones primarily activates the muscles of the legs and buttocks. You may notice that after a long day in your Walk N Tones, that your calves, thighs, or glutes are a little bit sore…a clear sign that your muscles are working harder than normal;" and

- "Walk N Tones are designed to activate the muscles of your legs more than walking in regular shoes…the more you walk in them, the greater the potential benefit."

46. As a result of Defendant's deceptive practices, Plaintiff and the Class Members suffered damages. In addition, the damages caused by LA Gear are the result of an advertising injury committed by LA Gear in the state of Arkansas.

### Count V – Unjust Enrichment in Violation of Arkansas Law

47. Plaintiff incorporates paragraphs 1-46 as if fully set out herein.

48. In the alternative to any foregoing cause of action, by misleading Plaintiff and Class Members, Defendant LA Gear has received and continues to receive money to which it is not entitled. This money should be restored to Plaintiff and the Class Members.

49. The enrichment of Defendant LA Gear is unjust and inequitable because LA Gear is obtaining it with misleading and false advertising.

50. This unjust enrichment of Defendant LA Gear was and is at the expense of or detriment to Plaintiff and Class Members.

Wherefore, Plaintiff, individually and as Class Representative on behalf of all similarly situated persons and/or entities, prays the Court grant certification of this case as a class action pursuant to Arkansas Rule of Civil Procedure 23; appoint Plaintiff as Class Representative and Plaintiff's counsel as Class counsel; award appropriate monetary damages to Plaintiff and the proposed Class in an amount sufficient to compensate them for Defendant's unjust enrichment, which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; award prejudgment interest in order to prevent LA Gear from receiving unjust enrichment for its improper conduct, which, collectively with all other elements of damages, cost, and fees will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; award reasonable and necessary attorneys' fees and costs to Class counsel, which, collectively with all other elements of damages, costs, and fees will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; award such additional relief in law or in or equity as the Court determines fair, reasonable and appropriate, which, collectively with all other elements of damages, costs, and fees will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; and award any and all further relief to which Plaintiff and Class Members may prove themselves entitled to under Arkansas Law.

> **April Overby, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff**

By: *[signature]*
W. H. Taylor, #81154
William B. Putman, #91198
Taylor Law Partners
303 E. Millsap Road
P. O. Box 8310
Fayetteville, AR 72703
Telephone:    (479) 443-5222
Facsimile:     (479) 443-7842


Matt Keil, #86099
John C. Goodson, #90018
Keil & Goodson P.A.
406 Walnut Street
Texarkana, Arkansas 71854
Telephone:    (870) 772-4113
Facsimile:     (870) 773-2967

12

### Sworn and Binding Stipulation

Before me, the undersigned authority on this day personally appeared April Overby known to me to be the undersigned Affiant whose name is subscribed below, who, after having been duly sworn by me, upon her oath deposed and stated as follows:

1. My name is April Overby. I am a plaintiff in this lawsuit. I am over the age of eighteen. I am of sound mind, capable of making this affidavit, fully competent to testify to the matters stated herein, and am under no legal disability. I have personal knowledge of the facts and statements contained herein, and of the facts and statements are true and correct.

2. I do hereby swear and affirm that I do not now, and will not at any time during this case, whether it be removed, remanded, or otherwise, seek damages for myself or any other individual class member in excess of $75,000 (inclusive of costs and attorneys' fees) or seek damages for the class as alleged in the complaint to which this stipulation is attached in excess of $5,000,000 in the aggregate (inclusive of costs and attorneys' fees).

3. I understand that this stipulation is binding, and it is my intent to be bound by it.

Further affiant sayeth not.

_____
April Overby

SUBSCRIBED AND SWORN TO BEFORE ME, to which witness my hand and official seal on this the 21 day of January, 2011.

_____
Notary Public

My Commission Expires: 11-3-20

## Sworn and Binding Stipulation

Before me, the undersigned authority on this day personally appeared William B. Putman, known to me to be the undersigned Affiant whose name is subscribed below, who, after having been duly sworn by me, upon his oath deposed and stated as follows:

1. My name is William B. Putman. I am plaintiffs' and putative class counsel in this lawsuit. I am over the age of eighteen; I am of sound mind, capable of making this affidavit, fully competent to testify to the matters stated herein, and am under no legal disability. I have personal knowledge of the facts and statements contained herein, and of the facts and statements are true and correct.

2. I do hereby swear and affirm that I do not now, and will not at any time during this case, whether it be removed, remanded, or otherwise, as counsel in this case seek damages for any individual class member in excess of $75,000 (inclusive of costs and attorneys' fees) or seek damages for the class as alleged in the complaint to which this stipulation is attached in excess of $5,000,000 in the aggregate (inclusive of costs and attorneys' fees).

3. I understand that this stipulation is binding, and it is my intent to be bound by it.

Further affiant sayeth not.

_____
William B. Putman

SUBSCRIBED AND SWORN TO BEFORE ME, to which witness my hand and official seal on this the 21 day of January, 2011.

_____
Notary Public

My Commission Expires: 11-3-20

14